[Civ. No. 1181.    Third Appellate District.—November 7, 1913.]

## O. D. JACOBY, Appellant, v. W. S. PECK et al., Respondents.

LANDLORD AND TENANT—DESTRUCTION OF PREMISES—LIABILITY FOR RENT.—One who contracts with the lessees of certain premises to pay them a stipulated sum monthly for the remainder of their term in consideration of their transferring their interest to the owners of the property, and securing from them a lease direct to him for which the owners are to receive an additional rental, is released from his obligation to the original lessees on the destruction of the premises by fire prior to the expiration of the term.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Chickering & Gregory, for Appellant.

Henry G. W. Dinkelspiel, and Daniel A. Ryan, for Respondents.

BURNETT, J.—The appeal is upon the judgment-roll from
a judgment of the superior court of the city and county of
San Francisco, in favor of plaintiff, for the sum of twelve
hundred dollars with interest and costs. The contention of
appellant is that the conclusion of law from the findings of
fact should be for a larger sum in his favor. The following
facts are found by the court: On and prior to July 13, 1904,
plaintiff's assignor, M. J. Keller Company, a corporation, was
in the occupation of the premises known as 1028–1030 Market Street, San Francisco, under a lease from Messrs. Cook &
Bruntch, the owners of the property, the lease providing for
a monthly rental of $1,150, and to expire on December 31,
1907. On said July 13, 1904, the M. J. Keller Company and
James J. Gildea entered into a written agreement reciting
"that whereas, said party of the first part occupies the prem-
ises known as 1028–1030 Market Street, San Francisco, Cali-
fornia, under a lease made by E. E. Cook and C. M. E.
Bruntch to the said party of the first part, said lease calling
for the payment of a monthly rental of eleven hundred and
fifty (1150) dollars and said lease expiring on the first day of
January, 1908, and whereas, the said party of the second
part desires to secure the said leasehold interest for the un-
expired term thereof from and after the 15th day of Septem-
ber, 1904 . . . and whereas the lessors of said property have
agreed to transfer and assign the said lease to said party of
the second part in consideration of an additional monthly
payment to them of one hundred dollars for the unexpired
term of said lease;

"Now, therefore, it is hereby agreed by the parties hereto
as follows, to wit:

"That said party of the second part shall, on or before the
——— day of —————————, 1904, organize a corporation
under the laws of the state of California which shall assume
and agree to perform the following things: (1). Said party
of the second part and said corporation so to be formed shall
assume the lease of said property for the unexpired term
thereof, from and after the fifteenth day of September, 1904,
that is from the fifteenth day of September, 1904, to and in-
cluding the 31st day of December, 1907, and shall pay the
owners of said property a monthly rental thereof at the rate
of twelve hundred and fifty dollars per month, payable in

advance, for the use of said building, and shall execute a lease containing the ordinary covenants.

"2. Said party of the second part and said corporation, so as aforesaid to be formed, shall pay to the said M. J. Keller Co., its successors and assigns, the sum of seventy-five dollars on said 15th day of September, 1904, and thereafter the sum of one hundred and fifty dollars upon the first day of each and every month to and including the first day of December, 1907, as a bonus to said M. J. Keller Co. for causing said lease to be transferred to said party of the second part.

"Said party of the second part further agrees that said party of the first part, its successors or assigns, shall have the right, whenever any payment of said sum of one hundred and fifty dollars remains unpaid thirty days after the same shall become due, to demand the same of the sureties hereinafter agreed to be furnished by said party of the second part, and if the same is not paid within thirty days after such demand, then, at its option, said party of the first part may declare the full amount of bonus remaining unpaid due and payable at once and proceed to collect all the unpaid bonus that at the time shall remain unpaid as rental for the full term of said lease."

The said Gildea furnished an undertaking for the faithful performance of his agreement and he also formed a corporation known as the J. J. Gildea Co. The said M. J. Keller Company released its said leasehold interest in said property to the owners of said property and secured for the said J. J. Gildea Co. from said owners a lease of the leasehold interest in and to said premises for the term beginning September 15, 1904, and ending December 31, 1907. On the eighteenth day of April, 1906, said premises were totally destroyed by fire.

The court concluded: "That in and by said destruction of said premises by fire said lease terminated and said defendant J. J. Gildea Co. became and was released and discharged from any liability to said plaintiff or his assignors, or either or any of them, for any and all amounts that would otherwise thereafter become due as and by way of bonus unpaid as rental." The correctness of this conclusion is the question involved on this appeal.

It is not disputed that by the destruction of the buildings the lease was terminated and the tenant thereby relieved of the obligation to pay any further rent to the owners. (Civ. Code, sec. 1933.) The application of this rule, however, to appellant here is denied by him, and it is insisted that the contract with the Keller Company contained no qualification of the promise to pay one hundred and fifty dollars per month up to and including December 31, 1907.

It is the contention of respondents that the contract should be construed as manifesting the intention of the parties that "Gildea be substituted in place of the former lessee in the payment of an increased rental to the former lessor for the enjoyment of the premises." In support of this construction, attention is called to the fact that, in one part of the said contract with the Keller Company, the monthly payment of one hundred and fifty dollars is called a rental; that said contract provided that "Gildea was to secure the leasehold interest of Keller Company for the unexpired term thereof"; that Gildea was to pay therefor a certain sum monthly to both Keller Company and the lessor; "the monthly payments by Gildea to the lessor and former lessee are to keep pace and be paid on the same day and for the same term of years, to wit, on the first day of each and every month to and including the first day of December, 1907," and "the payment by Gildea to Keller was not a fixed sum in monthly installments as in the case of the fixtures, but the payment of a monthly sum to keep pace with Gildea's enjoyment of the premises given by Keller Company to Gildea." Therefore it is argued that we have a case for the application of the principle of construction embodied in section 1650 of the Civil Code that "Particular clauses of a contract are subordinate to its general intent."

We think this view does no violence to the expressed will of the parties and that it is more just and equitable than the harsh construction insisted upon by appellant.

It appears plain enough, at least, that the consideration moving Gildea to enter into the contract with the Keller Company was the enjoyment of the possession of the premises for the period of time agreed upon. To secure this right, the promise was made to pay, as we have seen, a certain sum monthly to the owner of the property and another sum to the

Keller Company. Thereupon the Keller Company yielded its right to the possession and the owner executed the lease to the Gildea Company. It was, therefore, by the voluntary act of both the owners and the Keller Company that respondents secured the privilege of occupying and using the premises. Unless the Keller Company had divested itself of its leasehold interest, manifestly respondents could not have taken possession. Respondents, therefore, virtually hired the property of the owners and of Keller Company, but more directly of the latter, for a term ending December 31, 1907. It can make no difference in the substantial effect of the transaction that the Keller Company transferred or surrendered its rights to the owners and then the owners conveyed to the respondents. The result would have been the same if, with the consent of the owners, there had been a direct assignment to the second lessees by the Keller Company of the leasehold right. In either event, the right of possession for the term would be acquired at least partly through the act of the Keller Company. The same statutory provision, therefore, for the determination of the hiring from the owners applies to the hiring from the Keller Company. The obligation to pay further rent to either was at an end when the property, for the use of which the consideration was paid, was entirely destroyed.

We can see no special significance in the fact that, technically speaking, respondents became the tenants of the owners and not of the Keller Company, since it was by the act of the latter that the tenancy was made possible and available.

Neither do we perceive any reason for holding that this construction would destroy the consideration for the contract. The fact still remains that the Keller Company, at the time the contract was entered into, was occupying the buildings under a lease, and the surrender of the exclusive right to the possession, secured by said lease for the term ending December 31, 1907, was an essential prerequisite to the acquisition by the Gildea Company of said right of possession.

Indeed, we think, appellant has rather failed to appreciate the significance of the real consideration that moved Gildea in the transaction. We repeat—what he was attempting to secure and promised to pay for was the possession of the buildings for the term ending December 31, 1907. It was

sufficient to support the promise, but it was an executory and continuing consideration and liable to fail or to be defeated before the end of the term. For this reason, it may be assumed, the payments were to be made monthly. As a matter of fact, the consideration did fail before the end of the term by reason of the destruction of the subject matter of the contract. We think it follows that appellant should be paid only for the time that this consideration was rendered to the said Gildea Company—that is, until April 18, 1906.

If the Keller Company had sublet the buildings to the Gildea Company or had directly assigned the lease to the latter on the consideration that the entire rental be paid to the former, it would hardly be contended, we think, that the Gildea Company would be required to continue the payment of the rent to the Keller Company, although the latter was relieved of its obligation to pay anything further to the owners by reason of the destruction of the buildings. But we think the logic of appellant's position would lead to such an injustice.

We are persuaded that the lower court allowed appellant all that he was entitled to and the judgment is, therefore, affirmed.

Chipman, P. J., and Hart, J., concurred.